1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

10

11   WALTER R. BURNLEY,

12          Petitioner,

13       v.

14

15   P. COPENHAVER, Warden,

16          Respondent.

17

Case No. 1:14-cv-01784-LJO-BAM-HC

FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1)

FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

18

19       Petitioner is a federal prisoner proceeding pro se and in forma

20   pauperis with a petition for writ of habeas corpus pursuant to 28

21   U.S.C. § 2241.  The matter has been referred to the Magistrate Judge

22   pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

23   Pending before the Court is the petition, which was filed on

24   November 14, 2014.

25       I.   Screening the Petition

26       The Rules Governing Section 2254 Cases in the United States

27   District Courts (Habeas Rules) are appropriately applied to

28   proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule

1(b).  Habeas Rule 4 requires the Court to make a preliminary review

of each petition for writ of habeas corpus.  The Court must
summarily dismiss a petition "[i]f it plainly appears from the
petition and any attached exhibits that the petitioner is not
entitled to relief in the district court...."  Habeas Rule 4;
O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas
Rule 2(c) requires that a petition 1) specify all grounds of relief
available to the Petitioner; 2) state the facts supporting each
ground; and 3) state the relief requested.  Notice pleading is not
sufficient; rather, the petition must state facts that point to a
real possibility of constitutional error.  Rule 4, Advisory
Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420
(quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).
Allegations in a petition that are vague, conclusory, patently
frivolous or false, or palpably incredible are subject to summary
dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the petition
has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
2001).

A petition for habeas corpus should not be dismissed without
leave to amend unless it appears that no tenable claim for relief
can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d
13, 14 (9th Cir. 1971).

Here, Petitioner challenges his sentence of 262 years that was

2

imposed in 2007 in the United States District Court for the Western District of Wisconsin.  His sentence included time imposed for prior state convictions of crimes of violence.  Petitioner argues that his prior state court convictions were not crimes of violence pursuant to 18 U.S.C. § 924(e), and thus he is actually innocent of the facts that warranted an enhanced sentence.

II.   Background

Petitioner alleges that on November 21, 2006, in the United States District Court for the Western District of Wisconsin, he was convicted at a jury trial of four counts of bank robbery by intimidation in violation of 18 U.S.C. § 2113(a) for robbing multiple banks in April and May 2006.  (Pet., doc. 1, 1-2.)  On February 7, 2007, Petitioner was sentenced to 262 months in prison. In July 2008, the Court of Appeals for the Seventh Circuit affirmed his conviction in the course of a direct appeal in which Petitioner raised only the issue of the sufficiency of the evidence of intimidation.  On December 2009, the sentencing court denied Petitioner's first motion pursuant to § 2255.  On July 18, 2014, the Seventh Circuit denied Petitioner's motion to file a successive § 2255 motion, which Petitioner sought in order to raise a challenge to his 2007 sentence on the ground that pursuant to pursuant to Descamps v. United States, 133 S.Ct. 2276 (2013), his prior Wisconsin state convictions of battery and reckless injury should not have been considered crimes of violence under United States Sentencing Guidelines 4(B)1.1(B).  (Id. at 2.)

III.   Subject Matter Jurisdiction under 28 U.S.C. § 2241

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a

3

particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).  When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action.  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006); <u>Moore v. Maricopa County Sheriff's Office</u>, 657 F.3d 890, 894 (9th Cir. 2011).

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d at 864; <u>Tripati</u>, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  <u>Stephens v. Herrera</u>, 464 F.3d at 897;  <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner's claim is essentially a claim of an unauthorized or excessive sentence.  Because Petitioner challenges

4

the underlying judgment and not errors in the administration of his
sentence, the petition appears to come within the scope of 28 U.S.C.
§ 2255(a), which states that such challenges are to be brought in a
motion pursuant to § 2255 to vacate, set aside, or correct the
sentence.

A.   Inadequate or Ineffective Remedy

Petitioner contends that he is entitled to proceed pursuant to
28 U.S.C. § 2241 because § 2255 is inadequate and ineffective due to
his actual innocence of the sentencing enhancement and his lack of
an unobstructed procedural shot at presenting his claim.

Title 28 U.S.C. § 2255(e) provides as follows:

An application for a writ of habeas corpus in behalf
of a prisoner who is authorized to apply for relief by
motion pursuant to this section, shall not be entertained
if it appears that the applicant has failed to apply
for relief, by motion, to the court which sentenced him,
or that such court has denied him relief, unless it
also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner authorized to seek relief under § 2255 may
seek relief under § 2241 only if he can show that the remedy
available under § 2255 is "inadequate or ineffective to test the
legality of his detention." United States v. Pirro, 104 F.3d 297,
299 (9th Cir. 1997) (quoting § 2255). Although there is little
guidance on when § 2255 is an inadequate or ineffective remedy, in
the Ninth Circuit it is recognized that the exception is narrow.
Id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal
of a successive motion pursuant to § 2255 did not render such motion

5

procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); <u>Tripati</u>, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>     1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

6

The fact that Petitioner brought an earlier motion pursuant to § 2255, which was denied, is insufficient by itself to render the § 2255 remedy inadequate.  Aronson v. May, 85 S.Ct. at 5.  Likewise, the denial of Petitioner's motion for leave to file a successive § 2255 motion does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h).  See, Moore v. Reno, 185 F.3d at 1055.  It is established that the authority of federal courts to grant habeas relief under § 2241 is limited by § 2255.  Tripati v. Henman, 843 F.2d at 1162.

### B.  Actual Innocence

Petitioner argues that his remedy pursuant to § 2255 is inadequate because he is actually innocent of the sentencing enhancement.

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.

### 1.  Factual Innocence

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898.

Here, Petitioner does not allege facts that show his innocence of the underlying substantive offenses, but rather challenges an

element or elements of a sentencing enhancement.  His claim fails to show that it would be more likely than not that he could have avoided a conviction altogether.  See Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012), cert. den. 133 S.Ct. 1264 (2013) (holding that a purely legal claim of having been wrongfully sentenced as a career offender under the Sentencing Guidelines does not constitute a cognizable assertion of actual innocence for purposes of invoking § 2255's savings clause).  Petitioner's claim is foreclosed by Marrero v. Ives.  See Green v. Thomas, no. 12-35013, 485 Fed.Appx. 888, *1 (9th Cir. Oct. 16, 2012) (unpublished) (holding that a claim that one is actually innocent of being a career offender under U.S.S.G. § 4B1.1 and therefore should be allowed to proceed with his section 2241 petition under the "escape hatch" of 28 U.S.C. § 2255(e) is foreclosed by Marrero, and that dismissal of such a petition is appropriate).

In summary, Petitioner has failed to establish factual innocence.  Therefore, Petitioner cannot proceed under the so-called escape hatch because he has not shown that the § 2255 remedy is inadequate or ineffective. Accordingly, it will be recommended that the petition for writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

IV.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of

8

1    appealability when it enters a final order adverse to the applicant.

2    Habeas Rule 11(a).

3         A certificate of appealability may issue only if the applicant

4    makes a substantial showing of the denial of a constitutional right.

5    § 2253(c)(2).  Under this standard, a petitioner must show that

6    reasonable jurists could debate whether the petition should have

7    been resolved in a different manner or that the issues presented

8    were adequate to deserve encouragement to proceed further.  Miller-

9    El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

10   473, 484 (2000)).  A certificate should issue if the Petitioner

11   shows that jurists of reason would find it debatable whether: (1)

12   the petition states a valid claim of the denial of a constitutional

13   right, and (2) the district court was correct in any procedural

14   ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

15        In determining this issue, a court conducts an overview of the

16   claims in the habeas petition, generally assesses their merits, and

17   determines whether the resolution was debatable among jurists of

18   reason or wrong.  Id.  An applicant must show more than an absence

19   of frivolity or the existence of mere good faith; however, the

20   applicant need not show that the appeal will succeed.  Miller-El v.

21   Cockrell, 537 U.S. at 338.

22        Here, it does not appear that reasonable jurists could debate

23   whether the petition should have been resolved in a different

24   manner.  Petitioner has not made a substantial showing of the denial

25   of a constitutional right.  Accordingly, it will be recommended that

26   the Court decline to issue a certificate of appealablity.

27

28

                                  9

V.   Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINE to issue a certificate of appealability; and  3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, - F.3d -, -, no. 11-17911, 2014 WL 6435497, *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 10, 2014**          /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE